AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>3773 Willowswitch Lane<br>Columbus, Ohio 43207 | Case No. 2:23-mj-47 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
3773 Willowswitch Lane, Columbus, Ohio, 43207 and the curtilage is described as a single story family residence with yellow siding and white trim. The numbers "3773" are displayed on the front of the residence in black. The curtilage to include any vehicles assocated with the residence, and/or outbuildings.

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized)*:
Property that constitutes evidence of the commission of and/or property designed or intended for use or which is or has been used as a means to commit criminal offenses as described in Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 846 | Conspiracy to distribute fentanyl |

The application is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent William VonEssen
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 28, 2023

Kimberly A. Jolson
United States Magistrate Judge

City and state: Columbus, Ohio

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 3773 WILLOWSWITCH LANE, COLUMBUS, OH, 43207 | Case No. 2:23-mj-47 <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, William Jake VonEssen, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Drug Enforcement Administration (DEA), and have been since January of 2022. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. I am empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of 21 U.S.C. § 878. I hold a Bachelor's Degree in Aerospace from Middle Tennessee State University. I have undergone the following training:

   a. I have completed the DEA Basic Agent Training Academy, which is a 17-week course in Quantico, VA that includes (but is not limited to) training in the following areas: surveillance, undercover operations, report writing, confidential source management, drug identification, legal principles, search warrant operations, case initiation and development, interview and interrogation, defensive tactics, physical training, and firearms proficiency. I continue to receive training on a daily basis by conducting

criminal drug investigations and drawing from the expertise of agents more experienced than myself.

b. Additionally, as a DEA Special Agent, my experience includes participating in criminal arrests, conducting physical surveillance, trash seizures, searching for evidence during court-authorized search warrants, authoring search warrants and subpoenas.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

3. Since approximately September, 2022 investigators with the DEA Charlotte District Office in Charlotte, NC have been investigating suspected drug trafficker Francisco Javier VILLEGAS, along with other members of a drug trafficking organization (DTO). On September 20, 2022, the investigators, from the DEA Charlotte District Office, conducted an interview with a cooperating defendant, hereinafter referred to as CD. During the interview, the CD made numerous statements against his/her own penal interest, so they are inherently reliable. The investigators also corroborated the information provided by the CD to the extent possible and found it to be truthful. The CD identified VILLEGAS and Angel SANTIAGO as very high-level drug traffickers. The CD had been present on numerous occasions when one of their co-conspirators purchased kilogram quantities of cocaine and/or fentanyl from VILLEGAS in North Carolina.

4. On October 19, 2022, investigators from the DEA Charlotte District Office conducted a buy walk operation utilizing a confidential source, hereinafter referred to as CS, and purchased 451 grams of methamphetamine (ice) for $1,800 from VILLEGAS in Shelby, North Carolina.  During the purchase, investigators observed SANTIAGO walk from behind the 4915 Central Avenue apartment building, where apartment 10 is located, carrying the bag in which he delivered the ice to the CS. Following the purchase, SANTIAGO returned to the 4915 Central Avenue apartment building, and walked to the rear of the building, in the direction of apartment 10.  The DEA Charlotte District Office investigators had previously identified from management at the Central Pointe Apartment Homes that 4915 Central Avenue apartment 10 was rented in the VILLEGAS's name.

5. In December 2022, investigators with the DEA Charlotte District Office contacted investigators with the DEA Columbus District Office in Columbus, OH regarding drug intelligence pertaining to the Columbus, OH area.  Through law enforcement techniques, investigators discovered that VILLEGAS was residing at 3773 Willowswitch Lane in Columbus, OH area.

6. On January 28, 2023, at approximately 11:40 a.m., through law enforcement techniques, investigators from the DEA Charlotte District Office relayed to the DEA Columbus District Office that VILLEGAS was in possession of a large amount of narcotics and he was set to move the narcotics to a different location.  VILLEGAS would be leaving his 3773 Willowswitch Lance in Columbus, Ohio with approximately $8,000 or $9,000.  Charlotte District Office investigators advised that the Columbus District Office that they seized approximately 21 kilograms of cocaine, multiple

kilograms of fentanyl and an undetermined about of United States Currency in North Carolina.

7. At approximately 4:11 p.m., investigators from the Columbus District Office, observed a Hispanic male matching VILLEGAS's physical description walking around the neighborhood of 3773 Willowswitch Lane looking into vehicles. This is common tactic attempting to identify law enforcement in the area. Subsequently, VILLEGAS approached 3773 Willowswitch Lane, Columbus, OH, 43207. Once VILLEGAS got close to the address, he briefly walked into the backyard and re-appeared after a few moments, before using a key to enter the front door of 3773 Willowswitch Lane, Columbus, OH, 43207. Based on my training and experience, it appeared as though the Hispanic male was conducting checks in an attempt to check for law enforcement presence. At approximately 4:13 p.m. the Hispanic male re-appeared from 3773 Willowswitch Lane, Columbus, OH, 43207, and entered a white 2017 Toyota Tundra bearing North Carolina license plate NZ3010 and departed the address. Surveillance was maintained on NZ3010 until it arrived at Los Guachos Taqueria at 1121 South Hamilton Road, Columbus, OH, 43227. Officers with the Columbus Police Department detained a VILLEGAS inside Los Guachos Taqueria. VILLEGAS was then read his Miranda rights in Spanish by a Spanish speaking member of the DEA Columbus District Office.

8. An Ohio State Highway Patrol drug-sniffing K-9 was deployed on NZ3010, which was parked in the parking lot of Los Guachos Taqueria to conduct a free-air sniff of the vehicle. The drug-sniffing K-9 positively alerted to the odor of narcotics coming from the vehicle and a probable cause search was conducted on NZ3010 as a

result.  A small 'user' amount of what VILLEGAS described as 'cocaine,' wrapped in a paper towel was found on VILLEGAS's person.  Additionally, a sum of U.S. currency that VILLEGAS described as totaling $8,000 was found on his person.  Nothing of note was found in NZ3010.

9. Through law enforcement techniques, investigators from the DEA Charlotte District Office relayed to the DEA Columbus District Office that before being approached by the officers, VILLEGAS indicated the narcotics were not on him but in the other vehicle.  Investigators are aware that VILLEGAS has an additional vehicle, which VILLEGAS usually parks in his garage at 3773 Willowswitch Lane in Columbus, Ohio.

10. I know, based on my training and experience, that drug traffickers often store the bulk of their drugs and/or proceeds in their residences and/or vehicles.  Based on the facts contained in this affidavit, principally that per a CD, VILLEGAS is a very high level drug trafficker, which is a statement supported by the fact that a quantity of both drugs and U.S. currency was found on his person, there is probable cause to believe that the items detailed in Attachment A will be found at the following location(s): 3773 Willowswitch Lane, Columbus, Ohio, 43207 and the curtilage is described as a single story single family home with yellow siding with white trim. The numbers "3773" are displayed on the front of the residence in black. The curtilage to include any vehicles associated with the residence, and/or outbuildings, and respectfully requests the issuance of a federal search warrant.

Respectfully submitted,

*[signature]*

William Jake VonEssen
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on January 28, 2023, 2023

*[signature]*
Kimberly A. Jolson
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

1. Log books, records, payment receipts, notes, customer lists, ledgers, shipping labels and other papers relating to the transportation, ordering, purchasing, processing, storage and distribution of controlled substances, including all records of income and expenses;

2. Papers, tickets, notices, credit card receipts, travel schedules, travel receipts, passports and/or visas, and other items relating to travel to obtain and distribute narcotics and narcotics proceeds. Evidence of such travel is often times maintained by drug traffickers in the form of airline receipts, bus tickets, automobile rental records, credit card receipts, travel schedules, diaries, day planners, hotel receipts, logs, travel agency vouchers, notes, cellular telephone tolls, and records of long-distance telephone calls;

3. Books, records, invoices, receipts, records of real estate transactions, auto titles, federal, state, and city income tax returns financial statements, bank statements, cancelled checks, deposit checks, passbooks, money drafts, withdrawal slips, certificates of deposit, letters of credit, loan and mortgage records, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, money wrappers, wire transfer applications and/or receipts, fictitious identification, and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money;

4. Electronic equipment and their contents, utilized to contact co-conspirators and/or containing information related to the transportation, ordering, purchasing, processing, storage and distribution of controlled substances, and the proceeds there from, including but not limited to pagers (digital display beepers), telephone answering machines,

electronic data organizers, telephone caller identification boxes, video and audiocassette tapes, compact disc, and any stored electronic communications contained therein;

5. Cellular telephones, and/or portable cellular telephones and any stored electronic communications contained therein;

6. United States currency, precious metals, jewelry, gold coins, and financial instruments, including, but not limited to, stocks and bonds;

7. Photographs of co-conspirators, assets, and/or drugs, including still photos, negatives, videotapes, films, slides, undeveloped film, memory cards, and the contents therein;

8. Address and/or telephone books, rolodex indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, and fax numbers of co-conspirators, sources of supply, storage facilities, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

9. Indicia of occupancy, residency, rental and/or ownership of the premises described above or vehicles located thereon, including, but not limited to, utility and telephone bills, cancelled envelopes, keys, deeds, purchase lease agreements, land contracts, titles, and vehicle registrations;

10. The opening, search, and removal, if necessary, of any safe or locked receptacle or compartment, as some or all of the property heretofore may be maintained;

11. Computer system hardware, including, but not limited to word processing equipment, modems, monitors, printers, plotters, encryption circuit boards, optical scanners, and other computer related devices, and software, including floppy disks, and any other

    medium which is capable of storing magnetic tape or optical coding, software programs, and any other programs, or software used to communicate with computer hardware or peripherals either directly or indirectly via telephone lives, radio, or other means of transmission, computer manuals relating to the operation of the computer system, computer software, and/or any related device relating to but not limited to the purchase, transportation, ordering, sale, and distribution of illegal controlled substances, and/or records, relating to the receipt and disposition of the proceeds from the distribution of illegal controlled substances;

12. Drugs and other controlled substances;

13. Any other items which constitute evidence of the crimes of 21 U.S.C. §846 (conspiracy to distribute and possess with intent to distribute controlled substances); 21 U.S.C. §841(a)(1) (distribution and possession with intent to distribute controlled substances); 18 U.S.C. §1952 (travel in interstate commerce to promote drug trafficking offenses); 18 U.S.C. §1956 (money laundering); and 18 U.S.C. §2 (aiding and abetting).